[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
David Abbamonte, Defense Counsel, for Petitioner.
Jonathan Benedict, Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
Date of Sentence October 5, 1990 Date of Application October 5, 1990 Date of Application Filed October 5, 1990 Date of Decision February 25, 1992
BY THE DIVISION CT Page 2551
This is one of the petitioner's two cases before this division for review. (See State vs. Williams, Docket No. 34717.)
In the instant case, the petitioner was convicted by a jury of robbery in the first degree in violation of Connecticut General Statutes Section 53a-134(a) and assault in the first degree in violation of Connecticut General Statutes Section 53a-59(a)(1), for which he received a sentence of fifteen (15) years on each count to run concurrent to one another.
On May 25, 1988, the police were summoned to the corner of Stratford Avenue and Bunnell Street in Bridgeport on a report of shots being fired. Upon arrival a black male was found lying on the street having sustained several gunshot wounds. He was treated at the scene and later transported to the hospital where he underwent surgery. A witness said she saw the victim and the petitioner exit a side of Faces Cafe and observed the petitioner reach into his coat as if he was reaching for a gun. Immediately after the two exited the side door, shots were heard. The victim identified the petitioner as his assailant and stated $20.00 was taken from him by the petitioner.
Counsel for the petitioner admits the present case does not have as serious implications as the companion felony murder case, but he argues the "standard" sentence for this type of incident is 11-12 years in Fairfield Judicial District, although he acknowledges his client faced a potential forty (40) year sentence on these two counts. Based on his prior record the petitioner claims the sentence is too harsh and therefore disproportionate. His prior record consists of convictions for an assault in the first degree and an assault in the second degree in 1983, an assault in the third degree in 1986 and failure to appear in the first degree. In addition, he has been convicted of carrying a pistol without a permit, possession of marijuana, carrying a weapon in a motor vehicle and violation of probation. The petitioner was age 28 at the time of his sentencing and has protested his innocence saying he was "railroaded."
The victim incurred $36,000 in medical bills and was forced to give up a career in boxing as a result of his injuries. He applied for social security disability benefits CT Page 2552 which were denied and he was forced to meet his financial needs through city welfare assistance.
The state claims that the sentence was fair in light of petitioner's prior history of violence and considering his exposure to a potential forty (40) year sentence. It is also conceded by the state that the companion case is more significant.
It was the sentencing judge's conclusion that although the petitioner enjoyed the advantages of the stable home environment, he opted for the "lazy life" and, thus, was not entitled to any consideration.
Commenting at the end, the petitioner claims he was a victim of his crime infested environment and that the police were out to use him as a scapegoat. He asks that he not be judged by his past and indicates that racism "plays a big part in the judicial system."
In determining whether or not the sentence should be modified because it is inappropriate or disproportionate in light of the nature of the offenses committed, the offender's character, the protection of the public and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended, we conclude the sentence was proper and fair. The victim's injuries were life-threatening and have forever altered his ability to provide for his own financial needs. The petitioner's claims of environmental and racial handicaps are without merit. He enjoyed the benefits of a stable home environment and chose to drop out of school essentially abandoning opportunities afforded him by a hard working and supportive family. As both the victim and the petitioner were black, the racism claim is profoundly specious. His escalating record of violence establishes him as a clear risk to the community.
The sentence is affirmed.
STANLEY, JUDGE
PURTILL, JUDGE
KLACZAK, JUDGE